# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-498V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ANN SMITH, | * | |
| | * | |
| Petitioner, | * | |
| | * | Special Master Katherine E. Oler |
| v. | * | |
| | * | Filed: July 15, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Jessica Anne Olins,* Maglio Christopher & Toale, Seattle, WA, for Petitioner.
*Dorian Hurley,* United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 5, 2022, Ann Smith ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from Guillain-Barré syndrome as a result of the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination she received on August 6, 2019. *Id*. at 1. On September 26, 2023, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on that same day. (ECF No. 36).

On February 2, 2024, Petitioner filed an application for final attorneys' fees and costs.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

("Fees App.") (ECF No. 41), and a memorandum of law in support of expert rates (ECF No. 42). Petitioner requests total attorneys' fees and costs in the amount of $91,330.09, representing $84,218.60 in attorneys' fees and $7,111.49 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that she personally has not incurred any costs related to the prosecution of her petition. Ex. 38. Respondent responded to the motion on February 16, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorney's fees and costs." Resp't's Resp. at 2-4 (ECF No. 43). Petitioner filed her reply on February 16, 2024, requesting the requested fees and costs be awarded in full. (ECF No. 44).

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Reasonable Hourly Rates

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

2

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates of compensation for her attorneys at mctlaw: for Mr. Altom Maglio: $420.00 per hour for work performed in 2020 and $520.00 per hour for work performed in 2022; for Ms. Danielle Strait: $415.00 per hour for work performed in 2022; for Ms. Diana Stadelnikas: $490.00 per hour for work performed in 2022; for Ms. Elizabeth Abramson: $250.00 per hour for work performed in 2022; for Ms. Jessica Olins: $199.00 per hour for work performed in 2019, $225.00 per hour for work performed in 2020, $290.00 per hour for work performed in 2022, $320.00 per hour for work performed in 2023, and $355 per hour for work performed in 2024; and for Theodore Hing: $323.00 per hour for work performed in 2020 and $350.00 per hour for work performed in 2021. Ex. 36 at 39-40. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein. *See, e.g.*, *Kabayan v. Sec'y of Health & Hum. Servs.*, No. 22-298V, 2023 WL 7132987, at *2 (Fed. Cl. Spec. Mstr. Oct. 2, 2023); *Morrison v. Sec'y of Health & Hum. Servs.*, No. 18-386V, 2023 WL 1873254, at *5 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); *Hendrickson v. Sec'y of Health & Hum. Servs.*, No. 17-006V, 2023 WL 166410, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2023). The undersigned shall also award the requested paralegal time at the provided rates.[4]

---

[3] The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf.
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf.
The 2024 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2024.pdf.
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] The rates for the paralegals who worked on this matter are also consistent with what has been previously awarded and in accordance with the Office of Special Masters' fee schedule. Aisha Jones billed $170.00 in 2022. Amy Semanie billed $155.00 in 2021 and $160.00 in 2022. Dashea King billed $145.00 in 2020. Elena Siamas biled $165.00 in 2021, $170.00 in 2022, and $180.00 in 2023. Emily Monahan billed $154.00 in 2019, $160.00 in 2020, and $165.00 in 2021. Jacob Hess billed $165.00 in 2021. Jennifer Gutierrez billed $154.00 in 2019 and $160.00 in 2020. Katherine Ochoa Castillo billed $154.00 in 2019 and $160.00 in 2020. Kimberly Dutra billed $160.00 in 2020, $165.00 in 2021, $170.00 in 2022. Kristin Harding billed $160.00 in 2020. Lindsay Wilkinson billed $160.00 in 2021-2022 and $170.00 in 2023. Mackenzie Riordan billed $160.00 in 2021. Melissa Sealy billed $160.00 in 2020, $170.00 in 2022, $180.00 in 2023, and $190.00 in 2024. Spencer Robinson billed $180.00 in 2023. Vincent Antinori billed $180.00 in 2023.

   b. **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $84,218.60.

   c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $7,111.49 in attorneys' costs: $3,150.00 for expert costs and $3,961.49 for postage and medical record retrieval. Petitioner provided documentation of the expert costs, postage, and medical record retrieval. I find the costs for these items reasonable, and award them in full. I discuss the costs for Petitioner's experts below.

   1. <u>Petitioner's Expert Costs for Jeffrey Allen, M.D.</u>

Petitioner requests $3,150.00 for work performed by Dr. Allen. Fees App., Ex. 37 at 40. He requests an hourly rate of $600.00 for 5.25 hours of work he performed in 2022, which included reviewing medical records and discussing the matter with Petitioner's counsel. *Id.* In three previous Program cases, Dr. Allen was awarded $500.00 per hour in 2019-2020. *See, e.g.*, *Bradley v. Sec'y of Health & Hum. Servs.*, No. 17-515V, 2020 WL 603566, at *2 (Fed. Cl. Spec. Mstr. Jan. 6, 2020); *Colapietro v. Sec'y of Health & Hum. Servs.,* No. 17-785V, 2019 WL 4415741, at *3 (Fed. Cl. Spec. Mstr. Aug. 13, 2019); *Dingmann v. Sec'y of Health & Hum. Servs.,* No. 17-1058V, 2019 WL 2407410, at *2 (Fed. Cl. Spec. Mstr. May 14, 2019). There are no other Program cases indicating a different rate for Dr. Allen. He has now requested a slightly higher rate, noting that rates above the cap of $500.00 per hour have been awarded to experts with similar qualifications. *Nwala v. Sec'y of HHS*, No. 16-923V, 2019 WL 2005751, at *4 (Fed. Cl. Spec. Mstr. Apr. 12, 2019) (awarding Dr. Joseph Rizzo who is double board-certified in neurology and ophthalmology a rate of $650 per hour); *Montague v. Sec'y of HHS*, No. 16-0298V, 2018 WL 5284594 at *2 (Fed. Cl. Spec. Mstr. Sep. 19, 2018) (awarding neurologist Dr. Ram Ayyar and Dr. Thomas Wright who board-certified in orthopedics a rate of $600 per hour).

Higher rates are deemed reasonable when an expert demonstrates a specific expertise. *See Nwala v. Sec'y of Health & Hum. Servs.*, No. 16-923V, 2019 WL 2005751, at *4 (Fed. Cl. Spec. Mstr. Apr. 12, 2019) (citing Dr. Bakshi's $1,500 per hour rate as an example when experts are

awarded above the $500 per hour rate). Here, Dr. Allen has maintained the same rate of $500 since 2019 and is now requesting an increased rate for his work in 2022. Dr. Allen is a neurologist and is board certified in neurology and psychiatry. Ex. 41 at 1-2. He is licensed to practice medicine in Minnesota and Illinois and currently serves as an Associate Professor of neurology at the University of Minnesota. *Id.* Based on his expertise, a higher award of $600.00 is reasonable. The undersigned shall fully reimburse the costs requested by Dr. Allen.

2. Miscellaneous costs

Petitioner requests $3,961.49 in miscellaneous costs. This amount is comprised of postage and medical record retrieval costs. Fees App. at 47-49. Petitioner has provided adequate documentation supporting all requested costs and Respondent also has not identified any specific costs as objectionable. The undersigned finds these costs to be reasonable and shall fully reimburse them.

I award Petitioner a total of **$7,111.49** in attorneys' costs.

## II. Conclusion

Accordingly, I **GRANT** Petitioner's application, as follows:

- A lump sum in the amount of **$91,330.09** representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, mctlaw. The check shall be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ **Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.